JAMES H. SPARKS V. N. N. DAWSON.

1. CHARGE OF COURT—FRAUD—EVIDENCE.—Plaintiff brought suit for the rescission of a trade made with defendant, in which he conveyed to defendant a tract of land, for a stock of cattle; he alleged that he had been deceived by the fraudulent representations of defendant, and specified facts, which, if true, constituted the fraud charged; among others, that the defendant did not have the number and quality of cattle which he represented himself to be the owner of, and which he sold to plaintiff. On the trial, the court gave the following charge: "Before you can find for plaintiff, he must satisfy your minds, beyond a reasonable and well-founded doubt, that the defendant did not have the number and quality of cattle upon the range that the defendant sold him. It devolves on the plaintiff to make the proof to satisfy your minds that the defendant did not have the stock that he represented and sold to plaintiff; and not until the plaintiff shows conclusively by evidence that the defendant deceived and defrauded him, can the defendant be called upon to introduce any evidence at all:" *Held,* The rule of evidence, announced in the charge, was erroneous, not applicable to this or any other civil cause, and was calculated to mislead the jury.

2. CHARGE OF COURT—FRAUD.—The following charge was asked: "A preponderance of testimony is all that is required in civil causes; and while fraud cannot be presumed, it is proven as any other fact:" *Held*—

    1. The expression so often used in the argument, and in charges and otherwise, "fraud cannot be presumed, but must be proved," should never be contained in a charge given to a jury, because it is not true without a qualification, which a jury is not capable of supplying.

    2. The facts which are alleged as constituting fraud require no other or different proof to establish them than that which is necessary to constitute a cause of action or defense in any other civil cause; nor is there anything in them which should require any

stronger conviction in the minds of the jury of their having been established by the evidence than that which is required to maintain or defend any other cause of action in civil suits.

3. CONSTRUCTION.—In a bill of sale of cattle on the range, the vendor stated that he had sold "seven hundred and fifty-two cattle, according to his books." This must be construed to mean that he had sold his stock of cattle on the range, corresponding to the stock represented in the stock-book, and not seven hundred and fifty-two head of cattle.

4. CHARGE OF COURT ON WEIGHT OF EVIDENCE.—The following charge was given to a jury: "The witness who swears positively that a certain state of facts is true is entitled to more weight than half a dozen others who cannot swear positively, but who testify that they do not believe them to be true:" *Held*, That it was a charge upon the weight of evidence and prohibited by statute, (Paschal's Dig., art. 1464;) that it was an unnecessary and improper interference with the province of the jury—a gratuitous aid tendered to them, and should never appear in the charge of a court.

APPEAL from McLennan. Tried below before the Hon. J. W. Oliver.

A detail of the facts testified to in this case would serve no useful purpose, and would only add another chapter to the curiosities of the law. Over fifty witnesses were examined, most of whom assumed to be familiar with the same facts about which they testified, and one half of them were contradicted by the other. The opinion contains all that is necessary to be stated regarding the facts of the case.

*Herring & Anderson,* for appellant, on the proposition that the charge of the court, requiring the fraud alleged to be established beyond a reasonable doubt, was erroneous, cited Pilkinton *v.* The State, 19 Tex., 217; Wroth *v.* Norton, 33 Tex., 192; Layton *v.* Hall, 25 Tex., 212; Linn *v.* Wright, 18 Tex., 337; Kerr on Frauds, 388; 19 Mich., 57; 1 Story's Eq. Jur., 186–7, Story on Sales, 138, sec. 160.

*F. H. Sleeper,* for appellee.—There is no error in the charge of the court. The verdict of the jury was in accordance with the evidence.

Kerr, on Fraud and Mistake, says: "A man who alleges fraud, must clearly and distinctly prove the 'fraud he alleges. * * * If the fraud is not clearly and distinctly proved as it is alleged, relief cannot be had, although the party against whom relief is sought may not have been perfectly clear in his dealings. * * * The law in no case presumes fraud. The presumption is always in favor of innocence, and not of guilt. In no doubtful matter does the court lean to the conclusion of fraud. Fraud is not to be assumed on doubtful evidence. The facts constituting fraud must be clearly and conclusively established. Circumstances of mere suspicion will not warrant the conclusion of fraud. If the case made out is consistent with fair dealing and honesty, the charge fails. It is not, however, necessary, in order to establish fraud, that direct, affirmative, or positive fraud be proved. * * * It is enough if facts be established from which it would be impossible, upon a fair and reasonable conclusion, to conclude that there must be fraud." (Pp. 382, 383.)

This text of Mr. Kerr is fully sustained by decisions referred to in the foot-notes of his book, and we submit that the instructions given to the jury are fully in accordance with it.

In the case of Paxton *v.* Boyce, 1 Tex., 317, the court says: "Fraud cannot be presumed, unless the circumstances on which such presumption is founded are so strong and pregnant that no other reasonable conclusion can be drawn from them." Judge Lipscomb has used language fully as broad as the court below used in the case at bar.

In the case of Turner *v.* Lambeth, 2 Tex., 365, the same distinguished jurist says: " It is believed to be a rule of universal application, in both courts of law and equity, that fraud must not be presumed; that until proven, the presumption is in favor of the fairness of the transaction."

In Tompkins *v.* Bennett, 3 Tex., 36, the court again says: "Fraud cannot be presumed; it must be actually proven, or be a conclusion from facts that will not admit of any other conclusion consistent with fair dealing."

In Cowen & Hill's and Edwards's Notes on Phillips's Ev., 605, the authorities referred to assert the doctrine that "after every effort to establish fraud, if it remains doubtful upon the proof, innocence is to be presumed." Among the same notes, on page 608, the authors say, that while fraud is not to be presumed, yet, "like crime," it may be made out upon circumstantial testimony. We apprehend that they intend to say that proof of fraud must be as clear as proof of crime, and that the rules applicable to one are applicable to the other.

Hovenden on Frauds, vol. 1, p. 23, quoting Chief Justice Treby, in Bath and Montague's case, says, courts of equity "will not convict any man of fraud where the evidence is doubtful."

In Conard v. Nicoll, 4 Peters, 295, this court says that actual fraud is not to be presumed, but ought to be proved by the party who alleges it. If the motive and design of an act may be traced to an honest and legitimate source, equally as to a corrupt one, the former ought to be preferred."

In Clarke et al. v. White, 12 Peters, 196, the court says: "Truly, there are strong grounds of suspicion, but fraud ought not to be conceived; it must be proved and expressly found."

In Buck v. Sherman et al., 2 Doug., (Mich.,) 176, the court says: "Frauds will not be presumed on slight circumstances; the proof must be so clear and conclusive as to leave no rational doubt on the mind as to its existence."

The law which we have quoted is peculiarly applicable to alleged frauds in writing. When parties have reduced their contract to writing, it is presumed that the whole sense of the parties is included therein. The testimony ought to be beyond doubt, which could bind them beyond the express terms of writing. If the contract rests in parol, the reason for the rule would not appear so cogent. In the case at bar, the defendant sold to plaintiff, in writing, "seven hundred and fifty-two head of cattle, according to his books." The effort is made

to bind him to a parol contemporaneous representation that there were in the stock one hundred and eighty head of beeves; that they were well kept, gentle, etc.

Story, in his work on Equity Jurisprudence, vol. 1, p. 152, says, of parol testimony offered to vary a written contract: "But if the proofs are doubtful and unsatisfactory,   *   *   * equity will withhold relief, on the ground that the written paper ought to be treated as a full and correct expression of the intent, until the contrary is established beyond a controversy." This language is used in reference to alleged mistakes in contracts; but it will be seen in the paragraphs immediately succeeding, that it applies also to alleged frauds in contracts, and it ought to apply with much greater force.

Story on Sales says: "Fraud must be clearly established by proof, in order to vitiate a contract.   *   *   *   No cases, therefore, in which the circumstances are doubtful will afford sufficient evidence of fraud." (P. 149, §160.)

If it is admitted that the language in that part of the instruction which is complained of, taken by itself, is not the law, then we say, that when the whole instruction is taken together, the language complained of is so qualified that no error was committed. Taken as a whole, it was not possible for the jury to have been misled by the charge, and it is to the whole charge that the jury must look for the law, and not to detached portions of it.

The necessity for proof of fraud, to be beyond doubt, is asserted in the following cases: 3 Story's C. C., 516; 6 Pet., 691; 2 Johns. Ch., 630; 9 N. H., 392; 10 Ver., 452; 11 Ver., 138; 15 Ver., 448; 5 Mason, 577; 1 Pet., 13; 22 Pick., 69; 10 Paige, 526; 2 Bibb, 246; Chitty on Conts., title "Illegal Contracts," 1 Phil. Ev., (4th Am. ed.,) 577.

Roberts, Chief Justice.—The principal question in this case is, Did the court err in the charge given, and in refusing the charge asked by the plaintiff? The evidence was conflicting, each party having adduced ample evidence in

support of the cause of action on the one hand, and of the defense on the other. If, therefore, there is no error in the charge of the court, by which the jury was misled, the verdict and judgment in favor of the defendant cannot be disturbed. But the fact that there is in the case so direct a conflict, so well sustained on each side, renders it very important that the jury should have been furnished with the correct rule of law, in determining the proper result to be arrived at in finding their verdict.

The written instruments, executed by the parties respectively in making the trade, intrinsically considered, would determine the case in favor of the defendant, upon the supposition that each party had fulfilled the terms thereof, which might be presumed, unless the contrary was made to appear. The object of this suit, on the part of the plaintiff, is to show that they have not been fulfilled on the part of the defendant, and that there are collateral facts, not embraced in the written instruments, in connection with, and constituting part of the trade, which authorize him to demand a rescission of the contract, as claimed by him in this suit. Those facts were, in substance, that Dawson represented his stock of cattle to consist of eight hundred head, including one hundred beeves; that plaintiff had no opportunity of examining the stock for himself; that he relied upon the said representations of defendant in making the trade; that said representations were false, there not being one half of the stock in quantity and quality as represented; that the stock of cattle constituted the principal inducement to plaintiff to make the trade; that he, plaintiff, was deceived by said misrepresentations of defendant; that he was greatly injured thereby, in being induced to sell to the defendant a valuable tract of seven hundred acres of land, upon the Brazos river, well improved, valued at five thousand dollars, and really worth ten thousand dollars, for a stock ranch, consisting of one hundred and sixty acres of land, not worth more than one dollar per acre, and the stock of cattle so materially misrepresented, from which he has

received no benefit, and which he has abandoned, not being able to find the same; and that defendant intentionally made said misrepresentations to defraud the plaintiff in the trade.

The court charged the jury as follows: "Before you can find for the plaintiff, he must satisfy your minds, beyond a reasonable and well-founded doubt, that the defendant did not have the number and quality of cattle upon the range that the defendant sold him. It devolves upon the plaintiff to make the proof, to satisfy your minds, that the defendant did not have the stock that he represented and sold to plaintiff; and not until the plaintiff shows conclusively, by evidence, that the defendant deceived and defrauded him, can the defendant be called upon to introduce any evidence at all." This is the portion of the charge in which the court endeavored to inform the jury as to the degree of conviction which must be upon their minds, before finding a verdict for the plaintiff, and there is no other portion of the charge which modifies the rule of moral certainty thus required, the same as is required in criminal cases.

The counsel for the plaintiff asked the court to charge the jury "that a preponderance of testimony is all that is required in civil causes, and that, while fraud cannot be presumed, it is proven as any other fact," which was refused by the court. In this charge, we are of opinion that the court materially erred in this case.

The expression so often used in argument, and in charges and otherwise, that "fraud cannot be presumed, but must be proved," should never be contained in a charge given to a jury, because it is not true without a qualification, which a jury is not capable of supplying. It seems to have been the object of the plaintiff to supply the qualification by the expression, "it is proven as any other fact." Why may it not be proved as any other fact? There is no fixed definition of fraud. It consists of, and depends upon, the existence of a certain combination of facts in each case. The facts in relation to the misrepresentations made by the defendant, as

alleged by the plaintiff in this case, constitute fraud. There is nothing peculiar about them that should require other and different proof to establish them than that which is required to establish the facts which are necessary to constitute a cause of action or defense in any other civil cause. Nor is there anything in them which should require any stronger conviction in the minds of the jury of their having been established by the evidence, than that which is required to maintain or defend any other cause of action in civil causes. There should be adduced for the party holding the affirmative of an issue such a preponderance of evidence as will satisfy the minds of the jury to a reasonable certainty, but not to an absolute moral certainty, of the truth of the facts alleged. For instance, in this case the fact that the defendant made to the plaintiff a certain representation as to the number and quality of his stock of cattle in the range, being one of the material facts alleged as constituting the fraud in the trade, must be established by such a preponderance of evidence as to fix in the minds of the jury a reasonable certainty of its existence as a fact in the case. And so, the like rule applies to the establishment of the fact alleged, that the representation was materially false, as well as to all the other alleged facts necessary to establish the fraud in the trade.

But to require these facts to be established by evidence with that absolute certainty which fixes in the minds of the jury a conviction that excludes all reasonable doubt of their existence, as if it were a case of murder or treason, is not a rule applicable to this or any other civil cause. As stated in a case lately decided by this court, this expression about a jury being satisfied beyond a reasonable doubt, from its frequent application in criminal cases, is understood to require a degree of certainty in evidence necessary to establish a fact, and a degree of conviction upon the minds of the jury of the existence of such fact, which are not applicable to a civil cause, and that the use of it in such civil cause was well cal-

culated to mislead a jury. (Markham *v.* Carothers, Administrator, *ante*, p. 21.)

In a case involving the question of the character of evidence necessary to establish fraud, Justice Wheeler said: "There is no such rule of evidence or principle of law as that, in order to authorize a jury to deduce, from circumstantial evidence, the conclusion of fraud, the circumstances must be of so conclusive a nature and tendency as to exclude every other hypothesis than the one sought to be established." (Linn *v.* Wright, 18 Tex., 337.)

In elementary books, and in reported cases, very strong expressions have often been used in the endeavor to define the certainty to be arrived at in the establishment of a fraud.

They may be serviceable to guard the mind against the assumption of the existence of fraud upon mere suspicion, or upon the mere unfavorable aspect of the transaction, without competent proof of facts necessary to establish it. Those expressions usually embrace a combination of law and fact, or an implication of qualifications that may be well understood by the authors and jurists who announce them; but when addressed to a jury, as a rule for their guidance in determining a case, they will, as experience has most abundantly manifested, convey to them a confused, general idea of the subject, which leaves them free to follow their own opinions or prejudices in applying a rule to the evidence before them. They may sometimes be used in a case where facts are of such a character as that a jury will not be misled by them, and no material error can be complained of.

In this case, the evidence being conflicting, and each side being well supported with evidence upon the issue of fraud, the jury must have been misled by the charge of the court in furnishing to them the rule by which they were required to determine it, to the prejudice of the plaintiff, and therefore it was a material error in the trial of the cause.

It is contended by the counsel for appellee, Dawson, that

this charge was immaterial, whether correct or not, because, as it is contended, the contract made in August, 1865, "to sell his entire stock of cattle, including the beeves, estimated at eight hundred, more or less," was changed in October afterwards, when the deed to the land and the bill of sale to the cattle were executed by inserting in the bill of sale, that he sold "seven hundred and fifty-two head, according to his books."

The meaning of this expression is, that he sold his stock in the range, corresponding to the stock represented in the stock-book, and not seven hundred and fifty-two head of cattle. It was shown in proof that the calculation amongst experienced stock-men was, that the number of cattle found in the stock-book would ordinarily be a much greater number of cattle than would be found on the range. Some of them said they did not expect to get more than half the number branded and placed in the stock-book, and some said less. There was no charge of the court given or asked to raise such a question as this upon the trial of the cause below, if the proof was such as to justify it. Nor is it perceived that such an expression, inserted in the bill of sale by way of identifying the stock sold, would preclude the plaintiff from setting up the misrepresentations of defendant as to the number and quality of the stock thus identified in the written instrument, by which he was deceived and defrauded. Nor was there any charge of the court given or asked raising the question before the jury, as to whether or not the offer of the plaintiff to rescind the contract, was made in a reasonable time, and under circumstances which authorized him to offer to rescind.

That part of the charge which informed the jury, that "the witness, who states positively that a certain state of facts is true, is entitled to more weight than half a dozen others, who cannot swear positively, but who testify that they do not believe them to be true," is a charge upon the relative weight of evidence, according to the way in which

it is given by different witnesses, and is, in effect, a charge upon the weight of evidence, which is prohibited by our statute. (Paschal's Dig., art. 1464.) It is an unnecessary and improper interference with the province of the jury—a gratuitous aid tendered to them without lawful authority—and that, or anything like it, should not appear in the charge of the court.

For the errors of the court in the charge, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Associate Justice MOORE did not sit in this case.]