M. Y. BRACKETT, ADM'R OF JAMES H. TUTTLE, v. IRA HINS-
DALE ET AL.

(No. 3042.)

PARTIES.— Where one party enters into an agreement with an-
other, the performance of which entitles him to an interest in
certain property, and said party was proceeding to carry out the
agreement and the property was seized under writ of attachment,
in a suit for wrongful seizure he is not only a proper but a nec-
essary party to the suit, having secured a substantial and ma-
terial interest in the subject-matter thereof.

CHARGE OF COURT.— The charge of the court should be taken and
construed as a whole, and when thus construed, if it presents
the law applicable to the case made by the pleading and evi-
dence, as a general rule, it is sufficient.

EVIDENCE.— When the evidence is such that several deductions
might be drawn by the jury, it is the duty of the court to so in-
struct the jury as to submit to them the several phases of the
case made by the evidence, under the pleadings, and to apply
the law to the several deductions that might be drawn there-
from.

APPEAL from Grayson county.    Opinion by WATTS, J.

STATEMENT.— Appellees, plaintiffs in the court below, brought this action against James H. Tuttle, sheriff of Grayson county, and the sureties on his official bond; appellees alleging that the sheriff, by his deputy, had attached and sold certain blooded cattle and hogs, the property of the appellees, of the value of $2,400, and that E. M. Lyon, against whose property the attachment was sued out, and to pay whose debt the seizure was made, was not the owner of such stock, nor at any time had any

interest whatever therein, and prayed for judgment for their damage, etc. Pending suit Tuttle died, and appellant, as his administrator, was made a party defendant.

Appellants answered by a general denial and specially that E. M. Lyon was the owner of the property attached, and further that appellees and E. M. Lyon had confederated together to cheat and defraud E. Sacre, one of the defendants, who, it was averred, had a valid and subsisting judgment against E. M. Lyon. The administrator of Tuttle asked for a judgment over against his co-defendants, who had given him an indemnity bond in case judgment went against him.

The case was tried the 7th day of October, 1875, and the trial resulted in a verdict and judgment for appellees and against appellant for $1,744.40; and also in favor of Tuttle's administrator over against E. Sacre and his sureties on the indemnifying bond for the said sum of $1,744.40. The appellant made a motion for a new trial which was overruled, and he brings the case before the court on appeal and assigns errors. No appeal bond was given, the judgment being against appellant as administrator.

The errors assigned and insisted on by counsel in their brief will be noticed in the opinion so far as is necessary in making a proper disposition of the case.

OPINION.— This is a suit against a sheriff and the sureties on his official bond for the wrongful seizure and sale of certain cattle and hogs, claimed in the petition to be the property of appellees.

The appellant insists that the evidence adduced upon the trial shows that appellee, C. W. Lyon, had no interest in the property, and was, therefore, not a proper party plaintiff.

The evidence clearly shows that appellee, Hinsdale, furnished the money, or at least the greater portion of the money, with which the property was purchased; that appellee, Lyon, purchased, took charge of, and brought the

same to Texas, under an agreement or understanding between them, to the effect that Lyon would manage, control and sell the same, and that the profit arising from the speculation was to be equally divided between them.

Lyon, in pursuance of this agreement, had devoted his time and attention to hunting up and purchasing said property, and had brought the same from Missouri to Texas, and was proceeding to carry out the agreement when the property was seized and taken from his possession by the sheriff.

In our opinion the appellee, Lyon, had such an interest in the property as not only made him a proper but a necessary party to the suit. He had devoted his time and attention to the management, control and removal of the property, which certainly vested in him a right in the same. Hinsdale could not have assumed control and possession of the property so as to have defeated the right or destroyed the interest of Lyon therein without his consent. For he had secured a substantial right in the property under the contract.

It is a familiar rule in the jurisprudence of this state that all persons having a material interest in the subject-matter of the suit ought to be made parties, either as plaintiff or defendant. See Whiteman v. Willis, 51 Tex., 425; Garrett v. Gaines, 6 Tex., 446; Allison v. Shilling, 27 Tex., 453.

The objections to the charge of the court, as presented by the assignment of errors, and urged in the brief of counsel, go to isolated paragraphs of the charge.

The charge of the court should be taken and construed as a whole, and, when thus construed, if it presents the law applicable to the case made by the pleading and evidence, as a general rule, it is sufficient. For all practical purposes it would be impossible to give all the qualifications and limitations in each paragraph of the charge, when the same qualifications and limitations apply to many of the paragraphs of the same. However, a single section of

the charge might be so framed that it would mislead the jury, notwithstanding the charge, when taken as a whole, might be considered, to some extent, as correcting or modifying the error in the particular section. But after a careful examination of the charge, we find nothing in any of the sections objected to and assigned as error, when read and considered in the light of the whole, that, in our opinion, would mislead the jury.

The defendants, in their answer, in general terms, charged a combination between appellees and E. M. Lyon to defraud the creditors of the latter. But in what the combination existed, or the particulars constituting the same, is not averred. The evidence relied on by the defendants to defeat a recovery by appellees was, in the main, circumstantial, and from which several deductions might be drawn by the jury. Under such circumstances it was the duty of the court to so instruct the jury as to submit to them the several phases of the case made by the evidence under the pleadings, and to apply the law to the several deductions that might be drawn therefrom. A careful examination of the charge, and especially when taken in connection with the explanations given by the court in answer to interrogatories by the jury, shows that this was done.

The objection to the charge of the court, that therein the court assumed certain facts to have been established, is not sustained by the record.

The court did not err in excluding from the consideration of the jury the admissions and declarations of E. M. Lyon. He was not a party to the suit, nor, so far as is disclosed by the record, a party at interest.

The seventh paragraph of the charge is as follows: "Fraud will never be presumed, but must be proved; it may be proved by circumstances; but where circumstances are relied upon to establish it, they must be such as show clearly, to the satisfaction of the jury, the existence of the fraud; the circumstances should be so strong and pregnant

as to admit of no other reasonable conclusion." This was accepted by appellant in his brief, together with paragraphs 5 and 6, as correctly stating the law. This portion of the charge is not assigned as error; in fact, there is no specific error pointed out in any part of the charge by the assignment of errors. Article 1591, P. D., provides that: "The appellant or plaintiff in error shall, in all cases, file with the clerk of the court below an assignment of errors, distinctly specifying the grounds on which he relies, before he takes the transcript of the record from the clerk's office, and a copy of such assignment of errors shall be attached to, and form part of, the record; and all errors not so distinctly specified shall be considered by the supreme court as waived." This article was in force when this appeal was taken and perfected, and if that portion of the charge is erroneous, it is not a fundamental error going to the foundation of the action, and not being assigned, is, therefore, waived.

We mention this portion of the charge for the purpose only of dissenting from counsel and the court below as to the correctness of the same. In the case of Sparks v. Dawson, 47 Tex., 144 and 146, Chief Justice Roberts, in delivering the opinion of the court, in his uniformly clear and perspicuous style, analyzes, reviews and criticises a charge very nearly in the identical language as that quoted above. There the charge was assigned as error in accordance with the statute, and it was held to be erroneous. In cases involving the question of fraud, no reason is perceived why the jury should not be governed by the same rule in weighing and applying the testimony as in other civil causes. The burden of proof is upon the party who asserts the fraud; and whether it is sought to be established by direct or circumstantial evidence, if the minds of the jury are satisfied, from the evidence, of the existence of the fraud, they should so find. And any charge of the court directly or indirectly indicating the necessity of a greater degree of

certainty in these than in other civil causes would be error, and if specifically assigned would generally require a reversal of the judgment.

The errors so assigned as to require consideration are not such as would authorize a reversal of the judgment, and the same is affirmed.