Statement of the case.

No. 5683.

## J. E. ROHRBOUGH ET AL. v. LEOPOLD BROS. & CO.

1. SEQUESTRATION BOND.—A sequestration bond which fails properly to describe the parties to the suit, or the suit in which the writ issued, is fatally defective. The remedies afforded by sequestration and attachment are equally stringent, and they should be alike strictly construed.

2. DECLARATIONS.—In a suit to rescind a contract of sale of goods alleged to have been purchased with fraudulent intent, brought against the purchaser and his assignee, the declarations of the purchaser made soon after the purchase, which tend to show his fraudulent design and misrepresentations in effecting the purchase, are admissible in evidence for that purpose.

3. FRAUD—BONA FIDE PURCHASER.—A vendor who has been induced by the fraudulent representations of his vendee to sell him goods, may recover them from one holding them under an assignment made by such vendee for the benefit of creditors. Such an assignee is not protected as a bona fide purchaser.

4. SALE OF GOODS.—Without regard to the character of negotiations which precede a sale of chattels, no sale is finally consummated until both parties agree to their delivery. Until such mutual agreement, any false representation made by the purchaser, fraudulently designed to induce a consummation of the purchase by delivery of the goods, will entitle the vendor to a rescission of the contract.

APPEAL from Grayson Tried below before the Hon. R. Maltbie.

Suit by Leopold Bros. & Co., of Chicago, against I. Franklin and J. E. Rohrbough, to rescind a contract of sale of goods made by Leopold Bros. & Co. to Franklin in August, 1883.

The grounds set forth for rescinding the conract were that Franklin in person purchased the goods from plaintiffs at their place of business; that plaintiffs were ignorant of Franklin's financial condition, and before selling to him inquired of the same; that Franklin, for the purpose of inducing plaintiffs to sell him the goods, and to obtain credit therefor, represented himself as abundantly solvent, stating that his assets were about twenty-one thousand dollars, and his liabilities about three thousand dollars; that plaintiffs relied on these statements, and sold the goods; that these statements were false, known to Franklin to be false, and made for the purpose of inducing plain-

tiffs to sell him said goods; that at the time Franklin made the representations he was insolvent, his liabilities then exceeding twenty thousand dollars, and his assets not exceeding fifteen thousand dollars. Plaintiffs further alleged that Franklin, in pursuance of his fraudulent intent, at the time of purchasing the goods, on the thirteenth day of August, 1883, made an assignment to J. E. Rohrbough, and that Rohrbough was holding the goods under this assignment; that demand was made of Rohrbough, and he refused to deliver possession of the goods. On the same date, September 3, plaintiff sued out a writ of sequestration, and had it levied upon the goods in the hands of Rohrbough. On the thirteenth day of September, J. E. Rohrbough, with M. Schneider and Ed. Levy as sureties, replevied. Franklin did not answer, and judgment went aaginst him by default. September 28, defendant Rohrbough made a motion to quash the sequestration. October 15 this motion was overruled. Defendant Rohrbough answered by general demurrer, general denial and special plea that he held the goods as assignee in good faith; that the goods were necessary to pay the debts of the creditors accepting under the assignment. Judgment for appellees against Rohrbough for one thousand eight hundred and eight and forty one-hundredths dollars, and against I. Franklin for thirty-nine and eighty-five one-hundredths dollars. Rohrbough made a motion for a new trial, which was overruled. Rohrbough and Schneider and Levy gave bond and appealed. The sequestration bond was headed, "Leopold Bros. & Co. v.————." It then provides that plaintiffs shall pay to the defendants in the above entitled suit such damages as may be awarded, etc. The names of defendants were not given. The number of the suit was not given.

The witness Franklin had testified that immediately after the assignment he had telegraphed Blum, and that Blum soon afterward came up to Denison. That he had been acquainted with Blum for many years. Plaintiffs then offered to prove by the witness that when Blum came to Denison it was agreed between I. Franklin, the witness and Blum that Blum should buy the assigned goods from the assignee and put witness into possession, and witness was to sell off enough to pay Blum's debt and the price paid the assignee for the goods; and then said Franklin was to continue to run the store in Blum's name, but for witness's benefit. To which defendant Rohrbough objected on the ground that the agreement was subsequuent to the assignment, and for that reason inadmissible. Plaintiff's counsel offered

to prove the same as a circumstance tending to show that I.
Franklin did not intend to pay for the goods in controversy
at the time of the purchase, and as tending to sustain plaintiff's
position that the goods were obtained under false representations;
and the evidence was admitted for this purpose, and this only, and
defendant's exceptions, as above stated, overruled.    The court
afterward gave the following special charge upon request of de-
fendant Rohrbough.   "You are instructed that any agreement
made between Leon & H. Blum and I. Franklin, in regard to
the goods, subsequent to the assignment, if any was made, would
have no effect in entitling plaintiffs to rescind."

Other facts are discussed in the opinion.

*Hare & Head* and *Bryant & Dillard*, for appellants, on their
proposition that the court erred in overruling the defendant's ob-
jections to the testimony of I. Franklin, as shown in bill of ex-
ception, and in permitting said Franklin to testify as to occur-
rences between him and Leon & H. Blum subsequent to the as-
signment, cited Miller v. Jannette & Franke, 63 Texas, 86;
Carleton v. Baldwin, 27 Texas, 562; 1 Greenleaf, sections 172,
180; Tucker v. Hamlin, 60 Texas, 175; Railway v. Levy, 59 Texas,
543.

On the law applicable to fraudulent representations that will
avoid a sale, they cited 5 Wait's Actions and Defenses, page
630; Bennett's edition Benjamin on Sales, page 466, et seq.; Id.,
page 465, note e; Id., section 452, et. seq.; Gregory v. Schoenell,
55 Indiana, 101; Mears v. Waples, 31 Houst., Delaware, 581;
Williams v. Davis, 69 Pennsylvania State, 21; Harner v. Fisher,
58 Pennsylvania State, 453.

They also cited, Sparks v. Dawson, 47 Texas, 44; 3 Wait's
Actions and Defenses, page 444; Warren v. Gabriel, 51 Ala-
bama, 235; Beatty v. Fishel, 100 Massachusetts, 448; Vanbibber,
v. Beirne, 6 West Virginia, 168; Klein v. Horine, 47 Illinois, 430;
Morgan v. Olvey, 53 Indiana, 6.

*Woods, Wilkins & Cunningham*, for appellees, cited Benja-
min on Sales, Corbin's edition, page 568, section 649 and note z,
page 596; McGowan v. McGowan, 52 Texas, 657; City of Galves-
ton v. Barbour and wife, 3 Texas Law Review, 261; 1 Greenleaf
on Evidence, note 1, page 130 and section 108, note 2 on same
page 1 Wharton on Evidence, sections 262, 263.

GAINES, ASSOCIATE JUSTICE.   We think the court erred ·in overruling the motion to quash the writ of sequestration on .the ground of the insufficiency of the bond.   In Schrimpf v. Mc-Ardle, 13 Texas, 368, an attachment bond very similar to the one before us was held defective, because it did "not correctly describe the parties or the suit."   It is said by a recent text writer that the plaintiff in an attachment bond "should insert what is necessary to identify the bond with the suit."   (Waples on Attachment, 118.)

The writ of sequestration takes the property from the party in possession, to be held if not replevied during the pendency of the action, as is the case with the writ of attachment.   The remedies are equally stringent, and no ·reason is seen why the same strictness should not apply to the procedure in the one case as in the other.   In the bond under consideration, the title of the suit is defectively stated in the margin.   The name of the plaintiff's firm is given, but the place for the names of the defendants is left blank.   The bond is made payable to J. E. Rohrbough and I. Franklin, without describing them as defendants; but is conditioned that plaintiffs "will pay to the defendants in said suit all such damages," etc., without stating who the defendants are. This gives rise to the conjecture that Rohrbough and Franklin are the defendants, but the fact does not clearly appear from the face of the bond.

Tested by itself, the bond does not identify the suit, and fails to show that it complies with the statute in the essential requirement that it must be made payable to the defendants.

It is complained, also, that the court erred in admitting the testimony of defendant Franklin as to an agreement made by him with Leon & H. Blum, immediately after he executed the assignment, by which the latter promised to buy the goods if practicable, and, after getting their money out of them, to let him continue business with goods in their name—he receiving the profits.   This occurred shortly after the purchase from plaintiffs, and tended to show that such an arrangement may have been contemplated by Franklin at the time he purchased, and thereby tended to establish plaintiff's allegations of fraud and misrepresentation.   For this purpose the testimony was admissible.   (O'Neil v. Wills Point Bank, 67 Texas, 36.)   The court gave a special instruction upon this evidence, so that the jury could not have misconstrued the purpose of its introduction.

The seventh and fourteenth assignments of error raise the

question, whether plaintiffs could recover the goods of the assignee, Rohrbough, although they may have been obtained by misrepresentation. The rule is that an owner who is induced by fraud to part with the possession (and not the title) of his goods, may recover them even from one who has paid value for them without notice of his right. But if he be so induced to sell his personal property to another, by proving the fraud he may recover of his vendee and of any one holding under him save a bona fide purchaser for a valuable consideration. But in this case, Rohrbough merely held the goods under a deed of assignment made for the benefit of creditors and occupies no better ground than his assignor. That such an assignee is not a bona fide purchaser is well established by the authority of adjudicated cases.

The eighth assignment of error is not sustained by the record and is not well taken. The court, in the first paragraph of the charge, very fully and correctly instructed the jury as to what facts would entitle plaintiff to recover, and among other things, told them in effect, that Franklin must have known that the representations made by him were false; that they must have been such as would induce a prudent man to make the sale, and must, in fact, have led to its consummation. The instruction relied upon to support this assignment was, in substance, that if the sale was not effected through the false representations of Franklin, defendant Rohrbough was entitled to a verdict. If counsel, in view of the entire charge, had desired further instructions to the effect that unless the representations were known to Franklin to be false plaintiffs could not recover against Rohrbough, they should have asked them.

The tenth assignment of error is that "the court erred in his second charge to the jury, in telling them that there must be a delivery of the goods to Franklin before the sale would be completed, without explaining to them what would constitute a delivery, and leaving them to draw their own inference in this behalf." The eleventh and twelfth assignments complain of the refusal of the following instructions asked by defendants:

1. "The court instructs you that if you believe from the evidence that if a part of the goods were sold by Salinger to Franklin prior to any representations, and that the goods were selected and set apart for Franklin, and merely held for shipment because Franklin ordered them to hold the goods until he could inspect them, then you are instructed that the sale as to those goods

was complete, and that no subsequent representations of Franklin would enable Leopold to rescind the trade as to those goods; and if you find that the sale was made in the manner above stated, you will find for J. E. Rohrbough as to those goods.

2. "If you believe from the evidence that all the goods were set apart for Franklin, and the terms and prices agreed upon before said representations were made, then you are instructed that the sale was complete, and no subsequent representations of Franklin would entitle plaintiffs to rescind the contract."

These three assignments will be considered together. The evidence showed that Franklin, at his place of business, in Denison, Texas, gave one Salinger, a traveling salesman of plaintiffs, who were merchants in Chicago, an order on them for about twelve hundred dollars worth of goods some two weeks before the sale in controversy was effected. They sent Franklin an invoice of the goods, but did not ship them. Finding that some of the goods were not what he had ordered, he, as he testified, telegraphed plaintiffs not to ship. One of the plaintiffs testified that the goods were not sent, because they knew nothing of Franklin's commercial standing. The fact that the goods had not been shipped when the invoice reached Denison, tends strongly to show that this testimony was true. At all events, the sale was not consummated as to these goods, until Franklin went to Chicago. He then agreed to take these goods, and selected others of the value of about four hundred dollars, when Henry Leopold, one of plaintiffs, took him into his counting room and asked him for a statement. He then made a statement, which plaintiffs allege to be false, and upon the faith of this they shipped the goods. Henry Leopold further testified, in effect, that they never intended to deliver the goods until Franklin made a satisfactory showing of his financial condition. In this he is substantially corroborated by Soloman, the book keeper and confidential clerk of the firm. This is not contradicted by Franklin. He testified that the goods were selected and set apart, at prices agreed upon (including those previously invoiced), but admits that he was taken into the counting room immediately and asked for a statement, and that he finally gave one before the interview was ended.

The sale could not have been consummated until both parties agreed that he should take the goods. The minds of both must have concurred in this final conclusion. That plaintiffs did not concur is evident from their testimony. Franklin testified to no

fact showing that this was not true, however he may have understood the transaction itself. The facts that he was permitted to select the goods; that the price was agreed upon, and that they were set apart (and his testimony does not go beyond this) are not at all inconsistent with the testimony of Leopold and of Solomon, that they did not intend to consummate the transaction until satisfied of his commercial standing.

The evidence of plaintiffs upon this point is supported by the circumstances of the case. They had never dealt with Franklin before; he was unknown to them, and they had evidently withheld for a time a shipment upon his order, for no other reason than they were not satisfied as to his financial condition. Under this state of facts, we take it as uncontrovertibly true that the sale was not complete when the representations were made, and that there was no evidence which would have warranted the jury in finding otherwise. Under this state of case, if there be error in the charge, it could not have operated to the prejudice of defendants, and is therefore not a ground for a reversal of the judgment.

It will be seen, from what we have just said, that the selection and setting apart of the goods and the agreement as to the price did not consummate the sale, unless both parties so intended. Therefore, the instructions to that effect asked by the defendants were properly refused. No additional charges upon that point in the case were demanded by the evidence.

The thirteenth assignment is, in substance, that the court erred in refusing a special instruction asked by defendants, to the effect that plaintiffs must have established their allegations of fraud by clear proof before the jury could find against defendant Rohrbough. It is sometimes said in the books that fraud must be clearly proved, but in order to show that the proposition contained in the instruction is misleading as to the case made in the court below, we need only refer to the sole authority from our own State cited in support of the assignment. (See Sparks v. Dawson, 47 Texas, 138.)

The evidence was amply sufficient to sustain the verdict, and we find no error in the proceedings, except in the overruling of the motion to quash the writ of sequestration, and in giving judgment against the sureties upon defendant's replevy bond. These sureties having appealed, they are entitled to have the judgment set aside as to them. This, however, does not work a

reversal of the judgment as to the original defendants.   (Cheatham v. Riddle, 8 Texas, 162.)

The judgment will accordingly be affirmed as to the appellant Rohrbough, and reversed and dismissed as to appellants Schneider and Levy, appellees being adjudged to pay the costs of this appeal.

*Judgment  reformed.*