### McDONALD v. HUMPHRIES.

(Court of Civil Appeals of Texas. El Paso. April 11, 1912. Rehearing Denied May 1, 1912.)

1. SALES (§ 234*)—BONA FIDE PURCHASER—TITLE ACQUIRED.

An owner of personalty, who is induced by fraud to part with the possession, may recover the possession of an innocent purchaser; but an owner who is induced by fraud to part with the title may not recover of an innocent purchaser.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 657–677, 679, 680; Dec. Dig. § 234.*]

2. TRIAL (§ 105*)—EVIDENCE—ISSUES.

The testimony of a witness, in effect a legal conclusion, is sufficient to raise an issue of fact, when admitted without objection.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 260–266; Dec. Dig. § 105.*]

3. WITNESSES (§ 350*) — IMPEACHMENT — CROSS-EXAMINATION.

It is error to allow a question on cross-examination as to whether the witness was not under indictment for swindling.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1140–1149; Dec. Dig. § 350.*]

4. APPEAL AND ERROR (§ 1048*)—HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.

Where the facts show that a witness was guilty of an attempt to swindle, but there is nothing to show that he was under indictment, the error in allowing a question on cross-examination as to whether he was under indictment, followed by an affirmative answer, is prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140–4145, 4151, 4158–4160; Dec. Dig. § 1048.*]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by W. F. Humphries against A. F. McDonald. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

E. N. Kirby, Dallas Scarborough, and Carlisle G. Whitten, all of Abilene, for appellant. Cunningham & Sewell, of Abilene, for appellee.

PETICOLAS, C. J. This is a suit, tried in the district court of Taylor county, involving appellee's right to recover of appellant an automobile, or, in the alternative, its cash market value. Briefly stating the facts, they are that the appellee and one Brown were negotiating for the sale of the automobile to Brown. Brown was to give notes, secured by deed of trust on land in Taylor county, for the sum of $1,500, in payment for the auto; and Brown testified that the notes and deed of trust were executed, and the trade was closed, and he became the owner of the auto. The appellee and practically all the other witnesses in the case testified that, as a condition precedent to the delivery of the auto and the passing of the title to Brown, the title to the land in Taylor county was to be examined, and, if found satisfactory, the trade was to be consummated, and otherwise not. The appellee and Brown went to Abilene in the auto for the purpose of examining the title. The auto was left at Brown's house one night, because the garages were full. The next day it was taken to a garage in Abilene; the testimony being conflicting as to whether appellee got it and took it to the garage, or whether the servants of the garage took it down on behalf of Brown. Appellee ascertained by examination of the records at Abilene that there was a lien on the land, and notified Brown that he would not complete the trade, and demanded the automobile back. Brown refused to return it to him, as did the employés of the garage, and, while appellee was engaged in seeking to obtain a writ of sequestration, Brown sold it to the appellant, McDonald, for the sum of $300. So far as the testimony shows, McDonald knew nothing of appellee's claim to the machine.

[1] It seems to be the established law with regard to personal property that the owner, who is induced by fraud to part with the possession, may recover the possession of an innocent purchaser; but the owner, who is induced by fraud to part with the title, may not recover of an innocent purchaser. See Rohrborough v. Leopold, 68 Tex. 254, 4 S. W. 460. It therefore became material to ascertain whether the appellee had parted with the title or the possession. This issue was submitted to the jury by the court, and we think correctly.

[2] The evidence tending to show that appellee had parted with the title consists only of Brown's testimony, which is, in effect, a legal conclusion; but, as it seems to have been admitted without objection on that ground, it is sufficient to raise the issue. The testimony is also sufficient to raise the issue of whether the possession of the garage employés was Brown's possession, or appellee's possession, and the court correctly submitted these issues in his charge.

[3] On cross-examination Brown was asked whether he (the witness) was not under indictment in the district court of Taylor county, Tex., on a charge of swindling for more than $50, and to the admission of his testimony in answer to said question (the witness' answer being that he was under indictment) appellant assigns error. We think it is authoritatively established by the case of Railway v. Creason, 101 Tex. 335, 107 S. W. 528, that the admission of this testimony was error. This seems to be held upon the ground that, for the purposes of impeachment, testimony must be confined to information relevant to the issue of the credibility of the witness. It was held in that case not relevant to the credibility of the witness to inquire whether he had been indicted for arson, and the statement is made in that case that such inquiries should be confined to the general reputation for truth, and should not extend to the general moral character.

[4] It remains to be seen whether or not the error is such as should reverse the case, or whether it was harmless. The appellee contends that the evidence in the case practically convicts Brown of an attempt to swindle, and therefore that the error indicated is harmless. Under the testimony shown in this regard, we would be inclined to hold, if possible, that the error was harmless; but we find ourselves unable to do so. The case mentioned above, by the Supreme Court, seems to establish that the inquiry as to whether the witness has been indicted for swindling is not admissible testimony. Although the other facts in the case might tend to show that the witness was, in fact, guilty of an attempt to swindle, yet there was nothing in them tending to show that the witness was under indictment, save and except the answer to the question asked. It is not, therefore, a case in which other competent testimony in the case shows the same matters attempted to be shown by the inadmissible testimony. For the error indicated, it will be necessary to reverse the case.

Appellant assigns error on the court's refusal of a special charge requested, to the effect that, if the jury believed from the evidence that Brown obtained the title to the automobile in question by fraud, they would find for the defendant. We do not believe it necessary to say more in reference to this matter than that it may become necessary on a subsequent trial to give a charge covering the rules of law indicated in the case of Rohrborough v. Leopold, cited above.

For the error indicated, the case is reversed and remanded.