### T. W. BRASHER V. JAMISON, GROCE & CO.
#### No. 6500.

1. **Fraud in Sale—Fictitious Consideration.**—If the consideration, or any part of it, in a sale by a failing debtor, as alleged to have been paid, is unreal or fictitious, such sale is voidable when attacked for fraud by other creditors.

2. **Recitals.**—A bill of sale by a failing debtor recited a cash consideration of $2250. It was shown that the transaction was a transfer to pay the vendee for debts and liabilities assumed, in the aggregate about $1800. No explanation being made of the false recital as to the consideration, *held*, upon such facts a judgment below avoiding the sale was properly rendered.

APPEAL from Limestone. Tried below before Hon. Sam. R. Frost. The opinion states the case.

*E. P. Turner*, for appellant.—In the court's charge, and in the instructions asked by plaintiff which were given by the court, the jury were precluded from finding for appellant, claimant below, unless they found from the evidence that appellant paid the round sum of $2250, notwithstanding the evidence might satisfy them that appellant had in good faith taken the goods to discharge an actual pre-existing indebtedness or liability for an amount equal to the value of the goods, though less than $2250.

The doctrine of "*falsus in uno, falsus in omnibus*," as sought to be applied to this case, is a rule of evidence and not a rule of law.

The appellant's claim to the property attached can not be made to depend on the question of whether some portion of the alleged consideration is fictitious or unreal, so long as the true amount of indebtedness discharged by the transfer in good faith is reasonably equal to the value of the goods so transferred.

A creditor may receive sufficient property from his debtor, even if he be insolvent, to pay an honest, bona fide, pre-existing debt, if the transfer be openly made with the honest purpose to pay same, irrespective of its effect on other creditors. Greenleve, Block & Co. v. Blum, 59 Texas, 124; Labelle Wagon Co. v. Tidball, 59 Texas, 291; Lewy v. Fischl, 65 Texas, 312; Bump on Fraud. Con., 182, 183, and cases cited.

*James H. Robertson*, for appellees.—If any part of the pretended conconsideration alleged to have been paid by appellant for the stock of goods was fraudulent or unreal, that would taint with fraud the whole transaction and vitiate the sale, even if there was a real debt existing for a part of the amount. The purchaser's motives must be honest, and it is incompatible with honest motives to attempt to cover up a failing debtor's property with a pretended debt, when in reality only a part of the same exists; therefore there was no error in the charge of the court upon this subject. Oppenheimer v. Halff, 66 Texas, 409; Greenleve, Block & Co. v. Blum, 59 Texas, 124; 68 Texas, 409; McKinnon v. Reliance L. Co., 63 Texas, 30.

HOBBY, JUDGE.—This was a trial of the right of property in and to a stock of merchandise, etc., levied on by virtue of an attachment issued out of the County Court of Limestone County, at the instance of the appellees, in a suit brought by them against J. A. Brasher. The property was in appellant's possession, who filed affidavit and gave bond, etc.

Appellant's claim was based on an alleged bona fide purchase of the goods from J. A. Brasher, for the sum of $2250, prior to the levy of the writ. Appellant's title was evidenced by a bill of sale dated November 12, 1883, conveying the goods involved in consideration of $2250, executed by J. A. Brasher, and acknowledged and recorded.

This conveyance was attacked by the appellees as fraudulent, and appellant was alleged to have had knowledge of the fraud. It was also alleged that the debt constituting the alleged consideration was fictitious, etc. Verdict and judgment was rendered for appellees for the sum of $600, with interest, etc.

There was evidence that appellees were creditors of J. A. Brasher, who was on November 12, 1883, and for some time before, in failing circumstances. That on the day stated he executed a bill of sale, conveying

the entire stock owned by him to his brother, the appellant, for a recited consideration of $2250. There was also proof that this consideration was a debt due by J. A. Brasher to appellant for money loaned and notes endorsed by the latter. There was also testimony that a part of this debt had been paid to appellant by J. A. Brasher before the conveyance of the goods; and there was evidence to the effect that none of this debt in fact existed on November 12, 1883. The goods were variously estimated at from $1800 to $3000 in value.

The jury, under the instructions of the court, found that the conveyance was fraudulent.

It is assigned as error that the court charged the jury that "If the consideration, or any part of it, alleged to have been paid by T. W. Brasher to J. A. Brasher for the goods was unreal and fictitious, then the transfer would be fraudulent." This principle we believe to be correct. If any portion of the consideration recited in the bill of sale was unreal or fictitious the transfer would be fraudulent, because the law will not attempt to ascertain what part of the consideration is genuine; there being a part of it unreal and fictitious, the entire conveyance is tainted with the fraud.

The following paragraphs of the instructions given it is contended were erroneous. The jury were told that "If the consideration really existed at the time of the conveyance, as alleged by appellant, on account of money loaned, and because of liability on his endorsement and debts assumed for J. A. Brasher to the amount of $2250, as alleged, and the goods were transferred in satisfaction of said indebtedness, then unless the value of the goods transferred was greater than was reasonably required to pay said debt the transfer would be valid." And further, that "If any portion of the debt claimed by appellant to have been due him by J. A. Brasher did not exist at the time of the transfer of the goods, or if having once existed the debt had been paid in whole or in part," etc., then the conveyance would be fraudulent.

It will be noticed that the consideration stated in the bill of sale, which constituted appellant's title, was $2250. There was evidence from which the jury may have believed that this recited consideration was not real. In other words, that if any indebtedness existed it did not exist to the extent of $2250, and that consequently the consideration recited was a false one.

There was no attempt made by the appellant, who testified, to explain this. It was not shown to have been inserted by mistake or the result of a miscalculation of the amount of the debt in the settlement, if any, between J. A. Brasher and appellant. On the contrary, it appears from the testimony that the appellant himself claimed that the debt was only $1800. Such being the evidence, the inference was well warranted, in the absence of any explanation of the recited consideration, that it was

inserted for the purpose of covering all the goods then owned by J. A. Brasher. These instructions last referred to were in harmony with the charge first quoted, to the effect that any part of the consideration actually paid for the goods, if fictitious and unreal, would invalidate the conveyance, because in such case the entire transaction is tainted, and an inquiry will not be instituted as to how much or what portion of the consideration is genuine, unless it be shown that the amount inserted was done by mistake, or in some way not affecting the fairness or *bona fides* of the transaction.

The charge we think properly presented the issues in the case. There is no error in the judgment, and it should be affirmed.

*Affirmed.*

Adopted November 19, 1889.