## M. L. Blair et al. v. Finlay & Brunswig.

### No. 2885.

1. **Statements of Husband Affecting Wife's Property.**—The acts or declarations of the husband touching his wife's title to her separate property can not affect her rights, and the more so when it is not shown that such acts or declarations of the husband were acted upon by the party seeking to use them in evidence.

2. **Pleading—Fraudulent Conveyance.**—Where a mortgage of all the property owned by the mortgagor is attacked by a subsequent attachment lien holder, and it is sought to show that part of the sum secured in the mortgage was fictitious, such fact must be pleaded; it is not sufficient to generally charge that the mortgage was made to defraud creditors.

Appeal from Navarro.    Tried below before Hon. Sam. R. Frost.
The opinion states the case.

*Simpkins & Neblett*, for appellants. — 1. It was error of the court to submit the issue of the genuineness of the appellants' debt, because there was no pleading authorizing such issue. Railway v. Terry, 42 Texas, 451.

2. The court erred in permitting the witnesses Call, Logan, West, Armstrong, and Jester to testify as to the acts and statements of W. S. Blair as to the debts of the Campbell Drug Company. Fitzgerald v. Turner, 43 Texas, 79; Ryan v. Maxey, 43 Texas, 192; Dunham v. Chatham, 21 Texas, 231; Beville v. Jones, 74 Texas, 148; Read v. Allyn, 56 Texas, 176.

*Reed & Greer* and *E. O. Call*, for appellees, cited Johnson v. Bryan, 62 Texas, 624; Tucker v. Smith, 68 Texas, 482.

HENRY, Associate Justice.—The Campbell Drug Company was a corporation engaged in selling drugs. The capital stock consisted of ninety-eight shares, of which one Friedman owned seventy-six.

It was claimed that the corporation was indebted by open account to Friedman for moneys advanced it by him in conducting its business in the sum of twelve hundred and eighty-two dollars and ninety-seven cents.

Mrs. Blair, the appellant, owned a tract of land which she sold and conveyed to Friedman, receiving, it is claimed, as part of the consideration, said stock and debt, which were transferred to her by Friedman.

W. S. Blair, one of the appellants, was the husband of M. L. Blair, and when his wife purchased the stock in the corporation he became its active manager.

After her purchase of the stock in the corporation, it is claimed Mrs. Blair advanced it money until, with the debt purchased, it owed her on the 8th day of April, 1888, the sum of $1652.97. On that date the corporation owed other debts, including a debt of $700 to appellees Finley & Brunswig, and was insolvent.

On the 10th day of April, 1888, the corporation executed a deed of trust upon all of its property, by which the trustee was authorized to take possession of the property and sell it, and apply the proceeds to the payment of a debt due another party for rent, and to the payment of Mrs. Blair's debt for the above named sum.

On the 17th day of April next following, Finley & Brunswig sued the corporation to recover their debt, and at the same time caused a writ of attachment to be levied upon the property of the corporation. The property was sold under the attachment proceedings and the proceeds were appropriated by the plaintiffs in attachment.

This suit was instituted to recover for Mrs. Blair from the sheriff and plaintiffs in attachment the amount of her debt, charging that the property at the time of its seizure was worth two thousand dollars. Upon the verdict of a jury judgment was rendered in favor of defendants.

A material issue on the trial of the cause was whether Mrs. Blair was a creditor of the corporation. On that issue defendants, over the objections of plaintiffs, were permitted to prove by a number of witnesses that at different times after the alleged accrual of Mrs. Blair's debt, and after the debt of Finley & Brunswig had accrued, her husband, being the manager of the business of the corporation, made statements about the indebtedness of the corporation, mentioning its other debts as all that existed, but never mentioning or including any debt due to his wife.

The admission of such evidence was error for which the judgment must be reversed.

It was incumbent upon appellants to show by satisfactory evidence the existence of the debt alleged to be owing to Mrs. Blair. It is not claimed that the credit extended by Finley & Brunswig was influenced by any such representations, and no subsequent failure by the husband to mention her debt, or direct statements by him that it did not exist, can be allowed to divest the wife of her property in the debt.

The court charged the jury:

"If you find from the evidence that the debt, or any part thereof claimed by Mrs. Blair, is unreal and fictitious, then the deed of trust is void as against Finley & Brunswig if they were creditors of the corporation."

Appellants object to this charge, because plaintiffs were entitled to recover for so much as the claim sued on was shown to be valid.

The pleadings of defendants contain general allegations to the effect that the corporation was, at the date of the execution of the deed of trust to secure Mrs. Blair's debt, insolvent, and that it was made by it for the purpose of defrauding its creditors.

The evidence shows that all of the property of the corporation was conveyed by the deed of trust. The pleadings do not contain that allegation.

When an insolvent debtor conveys all of his property to secure or pay a debt that is partly or wholly fictitious we think such a charge as the one quoted above would be proper when the issue is made by both the pleadings and evidence. The pleadings in this case are not sufficient to warrant the charge. It is urged that there was no evidence to sustain either the charge or verdict.

Without asserting anything as to the sufficiency of the evidence to sustain the verdict, we are not able to conclude that there was not sufficient to justify a charge to the jury on the question of the validity of plaintiffs' debt.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 26, 1889.