# FIRST DISTRICT, NOVEMBER, 1892.

H. T. Simon, Gregory & Co. v. Henry Ash.

No. 6.

1. **Garnishment—Insufficient Answer.**—The garnishee being served with the writ December 17, 1890, on April 24, 1891, answered, that he was not on the 17th of December nor at this time indebted to Theo. Ash. the judgment debtor, and that he knew of no other person who was indebted to him, or had in his possession effects of Theo. Ash. That on the 17th day of December, 1890, he was in possession of two lots of merchandise and some money, and held the same by virtue of a certain deed of trust executed by Theo. Ash on the 15th day of December, 1890, and that by said deed he was authorized to sell said goods in, due course of trade until sufficient money was realized to pay off certain debts in said deed specified, and if such sum was not realized by the first of May, 1891, he was to sell the remainder of the goods at auction. That a sufficient sum had not been realized to pay the debts, and he was unable to say what amount would be realized until after he had disposed of the balance of the goods, and praying for time until after said sale to make further answer. *Held*, not as full and specific as it should have been, and exception to it rightfully sustained.

2. **Same—Amendment of.**—When exceptions to the answer of the garnishee are sustained it does not follow that the pleading should be treated as no answer, and there was no error in granting leave to amend at a later day of the term, and after the sale of the remainder of the goods.

3. **Enforcement of Subpœna Duces Tecum.**—Subpœna having been issued and served on the 27th April, on May 18 motion was made to compel the witness Theo. Ash, the judgment debtor, to bring his account and invoice books into court. The books and papers were in San Antonio, of which city Ash was a resident. *Held*, not error to refuse the motion, there not being sufficient data to authorize an opinion otherwise. Had a continuance been asked for want of this evidence a different question would have been presented.

4. **Same—Defenses to, Insufficient.**—It was not a good answer in this case to a motion to compel obedience to the subpœna duces tecum, that the books and papers asked for are the private property of the witness, and that he is not a party to the suit. Though not joined as a party he is a party in interest, the trust deed made by him being attacked for fraud, and the garnishment being auxiliary to the plaintiffs' suit against him.

5. **Subpœna Duces Tecum.**—Even third parties who have in their possession books or papers which are material evidence for the party demanding them may be compelled to produce them by subpœna duces tecum or bill of discovery, and when a proper showing of their relevancy and materiality is made, it will be the right and privilege of appellants to inspect the books and invoices of Theo. Ash, and to put them in evidence, and it would be the duty of the court to compel him to produce them.

6. **Fraudulent Conveyance—Notice of Intent.**—When property is purchased for a valuable consideration from an insolvent debtor and the conveyance is attacked as fraudulent by a creditor, it devolves upon him to prove, first, that the conveyance was made by the vendor with the fraudulent intent to hin-

der or delay his creditors in the collection of their debts; and second, that this intent was known to the purchaser. But when the conveyance is made in trust to a third party for the benefit of certain preferred creditors, it is then immaterial whether this intent was known to either the trustee or the beneficiaries, and if the deed was executed with the intent to delay, hinder, or defraud creditors it is void. Approving Baldwin v. Peet, 22 Texas, 710.

7. **Statute of Frauds.** — The language of the statute, article 2465, would seem to rebut the idea that the party attacking the deed made upon good consideration only must, in addition to proving a fraudulent intent on the part of the vendor, show that that intent was known to the trustee. It declares: " This article shall not affect the title of a *purchaser* for *valuable consideration* unless he has notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor."

8. **Intention of the Grantor the Controlling Issue.** — If the intention to hinder and delay the creditors influenced the grantor, in whole or in part, as an object in making the deed, it would be void; but if to hinder and delay his creditors was only contemplated as an incident, and his real purpose and object was to pay the debts due the parties named in the conveyance, the deed would be valid.

9. **Fraud per se.** — A conveyance is not fraudulent per se, unless it contains a provision or clause by which some benefit or advantage is reserved to the debtor at the expense of the creditors, or unless the instrument by reason of inherent defects is inoperative as a conveyance. Tested by this rule the trust deed in this case is not void. The authority given the trustee to employ attorneys, and to carry on the business for four and a half months, and to turn over the residue of the money arising from the sale to the debtor, are all badges of fraud, but do not render the deed void.

10. **Liability of Garnishee.** — A writ of garnishment served upon a trustee in charge of goods for the benefit of creditors, under a valid trust deed, will reach only the surplus remaining after executing the trust; but if the deed is void for fraud, and the trustee had notice that the same would be contested by nonpreferred creditors, and he afterward, without an order of court, disposes of the goods, he acts in his own wrong, and is liable for their value at the date of notice.

11. **Fictitious Debts Secured.** — If any of the debts recited in a deed of trust made for preferred creditors be false or fictitious in whole or in part, and it be so charged in the pleading of the attacking creditor and proved, the deed is void for fraud, whether the other creditors whose debts are just knew of the fact or not. Misstatements made through mistake or inadvertence, however, if satisfactorily explained, should not avoid the instrument.


APPEAL from Anderson. Tried below before Hon. F. A. WILLIAMS. The opinion and propositions in briefs sufficiently state the case.


*Gammage & Gammage*, for appellants. — 1. The court, on the 1st day of May, 1891, having sustained plaintiffs' exceptions, filed April 25, 1891, to defendant-garnishee's answer, filed April 24, 1891, erred in granting defendant-garnishee leave and further time to answer said writ of garnishment; and erred in refusing to render judgment for plaintiffs for the amount of their debt as prayed for in said motion, because the proofs and record show that the defendant had ample time in which to make full

answer to said writ, and that it was his intention not to answer fully as required by law said writ, and no grounds are shown authorizing the granting of further time. Rev. Stats., arts. 186, 192, 194, 1192; Freeman v. Miller, 51 Texas, 443; Waples on Att., 368, sec. 6.

2. The court erred in refusing to grant the peremptory order asked by plaintiffs in writing, filed May 18, 1891, commanding Theo. Ash to produce and bring into court the books and papers set out in subpœna duces tecum, issued April 27, 1891, and executed April 29, 1891. 2 Bouv. Law Dic., 535, 536; 1 Bouv. Law Dic. (Contempt), 337; And. Law Dic. (Contempt), secs. 242, 984; 3 Black. Com., 382; 1 Greenl. Ev., secs. 82, 84, 88, 309, 558 (note 4), 559 (note 5); 3 Greenl. Ev., secs. 295, 305; 1 Story Eq., sec. 46; Dan. Ch. Pr., Discovery; Mad. Ch. Pr., Discovery; 1 Whart. Ev., secs., 337–377; Rev. Stats., arts. 1120, 1168, 2210, 2212, 2214. Coons v. Renick, 11 Texas, 134; Hall v. York, 16 Texas, 18.

3. The court erred in rendering judgment for defendant-garnishee. The deed or mortgage is by its terms and provisions void as against plaintiffs in this suit: it operates to hinder and delay plaintiffs in the collection of their debt. By its provisions it creates other large and increased liabilities and charges against the estate of grantor in the nature of attorney fees, clerk hire, house rent, insurance, taxes, and other expenses. It provided the estate should be sold in due and regular course of trade, etc., until May 1, 1891, and then sell the balance in bulk, thereby putting the same beyond the reach of his creditors as well as increasing the amount of his indebtedness; and it further provided that the balance of the funds realized for said property, after paying expenses and named preferences, be paid to him, the said Theo. Ash, in fraud of plaintiffs. Rev. Stats., arts. 186, 192, 2465; Wait on Fraud. Con., secs. 11, 231, 242, 318; 2 Bige. on Fraud, 293, 375, 377, 564, 565; Gallagher v. Goldfrank, 75 Texas, 565; Blum v. McBride, 69 Texas, 60; Mershon v. Hultz, 25 Ill., 292; Farrar v. Bates, 55 Texas, 193; Crow v. Beardsley, 68 Mo., 439; Burnham v. Brennon, 74 N. Y., 597; Hughes v. Roper, 42 Texas, 126; Morrison v. Adoue, 76 Texas, 255; Bank v. Bamberger, 77 Texas, 48; Waples on Att. and Gar., 57, 215, 216, 377; Drake on Att., secs. 636, 536a, 656, 657; Freeman v. Miller, 51 Texas, 443; Frank v. Frank, 6 Mo. App., 589.

4. If the deed of trust was void for fraud, and Henry Ash had notice that the same would be contested by nonpreferred creditors, and he afterwards disposed of the effects in his hands without an order of the court so to do, he acted in his own wrong, and is liable to the creditors for full value of the effects he had in his possession on the date of the service of the writ of garnishment and other notice. Waples on Gar. and Att., 376, 377; Morris v. House, 32 Texas, 492.

5. The court erred in finding against plaintiffs and for Henry Ash, garnishee, and ordering his discharge, for the reason that the evidence in

said cause showed that the debts named in said deed of trust of December 15, 1890, to John R. Woodward, Alf. Ash, and Margaret Ash, preferred creditors, were in fact not existing, but fictitious and fraudulent. Wait on Fraud. Con., secs. 228, 345; Brasher v. Jamison, 75 Texas, 139; Bank v. Swan, 23 Pac. Rep., 743; Blair v. Finlay, 75 Texas, 210; Baldwin v. Short, 7 N. Y., 717; 55 Hun, 473.

*Gregg & Reeves*, for appellee.—1. Where a person to whom personal property has been transferred to realize on it and pay certain debts of the grantor, and turn over the surplus, if any, to grantor, is summoned as garnishee, it is proper to delay proceedings until the trust is fully administered, and then require of him an amended or supplemental answer. Carter v. Bush, 79 Texas, 29.

2. An interlocutory order refusing to compel a witness to produce documents in answer to a subpœna duces tecum will not be reviewed without a bill of exceptions disclosing the evidence upon which the court acted.

3. A deed of trust on a stock of goods to preferred creditors does not hinder or delay creditors because it provides for the payment out of the proceeds of the goods of all necessary expenses of selling such goods, nor because it authorizes sale at retail for four months during the season of the year when the goods will probably realize more than by an immediate sale in bulk, nor because it provides that the surplus, after satisfying the trust, shall be paid over to the maker.   Jackson v. Harby, 65 Texas, 714; 70 Texas, 410; Gallagher v. Goldfrank, 75 Texas, 565; Styles v. Hill, Fontaine & Co., 62 Texas, 429.

4. A deed of trust or mortgage taken by a bona fide creditor on property of his insolvent debtor is not invalid because the creditor knew of such insolvency, or knew that the necessary effect of the mortgage was to hinder and delay other creditors.   Ellis v. Valentine & Son, 65 Texas, 532.

5. An overstatement of the amount of the debt secured in a trust deed, giving a preference to such debt, is subject to explanation, and does not render such instrument void unless there was intent to defraud, in which both parties participated.   The innocent creditor will be protected to the extent of his debt.  So an overstatement of one of the debts in an instrument giving a preference to several debts, fraudulently inserted, or the fraudulent insertion of a fictitious debt, will not avoid such instrument as to the other creditors not sharing in the fraud.   Wait on Fraud. Con., 2 ed., sec. 228; Riggon v. Wolf, 14 S. W. Rep., 992; Jones on Chat. Mort., sec. 336.

PLEASANTS, ASSOCIATE JUSTICE.—This appeal is from a judgment in a garnishment in favor of the appellee, Henry Ash, and against appellants, who were judgment creditors of one Theo. Ash.   To the judgment

of the court, and to its previous rulings upon motions made by appellants, numerous objections are urged.

The first error assigned is, that the court erred in granting garnishee leave and further time to answer writ of garnishment, after having sustained appellants' exceptions to garnishee's original answer, and in refusing to render judgment for appellants for their debt, against garnishee, upon motion of appellants made to the court when it sustained their exceptions to the answer, on May 1, 1891.

The garnishee was served with a copy of appellants' garnishment on the 17th day of December, 1890, and on the 24th day of April, 1891, at the next term of the court after the service of garnishment, appellee answered, that on the 17th day of December, 1890, he was not indebted to defendant Theo. Ash, nor was he then indebted to him; that on the 17th day of December, 1890, he was in possession of two certain lots of merchandise and some money, and that he held the same by virtue of a certain deed of trust executed by Theo. Ash on the 15th day of December, 1890; and by said deed of trust he, the said Henry Ash, was authorized to sell said goods in due course of trade until sufficient money was realized to pay off certain debts in said deed specified, and if such sum was not realized by the 1st day of May, 1891, he was to sell the remainder of the goods at public auction; that a sufficient sum had not been realized to pay the debts, and that he was unable to say what amount of money would be realized until after he had disposed of the balance of the goods; that they would be sold for cash to the highest bidder on the 2nd day of May proximo, and he prayed for time until after said sale in which to make further answer; and he further answered that he knew of no other person who was indebted to Theo. Ash, or who had in his possession effects belonging to him.

This answer is not as full and specific as such an answer should be, and the court was right in sustaining exceptions to it. But it is insisted, that it is so defective that the court should have treated it as a confession by the garnishee, and rendered judgment for the debt of appellants. To this we can not assent. The garnishee can not be said to have refused or neglected to make answer to either of the inquiries propounded to him in the writ. When the answer of a garnishee is defective, and exceptions to it are sustained, it does not follow that the court must treat the pleading as no answer, and visit upon the garnishee the penalty of failing or refusing to answer the writ. We do not think such a proposition can be sustained upon reason or by authority. The case cited by counsel (Freeman v. Miller, 51 Texas, 443,) does not sustain the position. In that case the garnishee failed to answer one of the two questions embodied in article 192, Revised Statutes. We think the court did not err in refusing to render judgment for appellants, nor do we think there was error in

granting appellee leave to file his amended answer at a later day of the term, and after the sale at auction of the remainder of the goods.

The next objection to the ruling of the court is, that the court refused the motion of appellants, made and heard on the 18th day of May, 1891, to compel Theo. Ash, their judgment debtor, and for whom a subpœna duces tecum had been issued on the 27th of April, 1891, to produce and bring into court his books and invoices showing his mercantile transactions from July 1, 1890, to December 15, 1890.

Without here deciding whether in a proper case it would be the duty of the court to sustain such motion, it is sufficient answer to this objection to say, that this court is not in possession of data sufficient to enable us to determine whether or not there was error in refusing the motion.

The record discloses the fact that Theo. Ash had ceased to be a resident of Anderson County, and was a resident of the city of San Antonio, and that the books and papers desired were in that city. From the facts before us, we can not therefore hold that the court would have been justified in compelling Theo. Ash, under the pains and penalties of contempt, to produce his books and papers into court.

The appellants, on the 21st day of May, just three days after their motion had been overruled, announced ready for trial when this cause was called for trial, and the trial proceeded. Had they on that day made a motion supported by proper affidavit for a continuance or postponement of the trial to a later day of the term, for the purpose of producing the desired books and papers to be used as evidence, we would have another and a different question before us.

The objections urged by appellee to this motion, that Theo. Ash is not a party to this suit, and that the books and papers are his private property, and therefore he can not be compelled to bring them into court, nor can the appellants use them as evidence in support of their contest with the garnishee, we do not think are good. It is true that Theo. Ash is not nominally a party to this suit, but he is the judgment debtor of appellants, who are in this suit endeavoring to subject to the payment of their judgment property which they aver has been fraudulently conveyed to appellee. This suit is then but auxiliary to their former suit with Theo. Ash, and he has an interest in the issues formed between the parties to this suit; and he has certainly an interest in the property conveyed to the appellee, since the conveyance is but a mortgage and not an assignment. We take it then that Theo. Ash, though not joined as a party defendant with the garnishee, is a party in interest. But even third persons who have in their possession books or papers in which one of the parties have an interest may be compelled to produce them; and by interest, as the word is here used, we understand that if the documents are material evidence for the party demanding them, such party has an interest in them, and their production may be compelled by either bill of

discovery or by subpœna duces tecum. 3 Greenl., sec. 305. To this rule there are of course exceptions, but this case, in our judgment, does not fall within any of these exceptions. That these books and papers would be admissible in evidence for the purpose of contradicting the recitals in the deed, is we think manifest. This deed, as we have before remarked, is not an assignment; it does not convey the property to the creditors, and the law applicable to purchasers for valuable consideration from a fraudulent vendor does not apply to this case. When property is purchased for a valuable consideration from an insolvent debtor, and the conveyance is attacked as fraudulent by a creditor, it devolves upon him attacking the conveyance to show, first, that the conveyance was made by the vendor with the fraudulent intent to hinder or delay his creditors in the collection of their debts; and second, that this intent was known to the purchaser. But when the conveyance is made in trust to a third party for the benefit of certain preferred creditors, it is then immaterial whether this intent was or was not known to either the trustee or to the beneficiaries; and if the deed was executed with the intent to "delay, hinder, or defraud creditors," it is void. Baldwin v. Peet, 22 Texas, 710.

Says Judge Roberts, in the case cited above: "The assent of creditors to a general assignment will be presumed, so as to give it effect, although they may know nothing of it when it is made; but when the assignment is made with fraudulent intent the assent of the creditors will not be presumed, and such deed is inoperative and void as to creditors, although the fraudulent intent was unknown to the trustee."

The case of Baldwin v. Peet was one in which Baldwin sought by injunction to restrain a creditor from making his judgment by sale under execution of goods, wares, and merchandise in Baldwin's possession, and which he was holding under an assignment made for the benefit of his creditors by an insolvent debtor, and the deed of conveyance was attacked by the execution creditor as fraudulent; and upon the trial in the lower court the jury were instructed, that if the deed was made with the fraudulent intent to delay, hinder, or defraud the creditors of the vendor, it was void, and that it was "immaterial whether that intent was known or not to the trustee." And upon appeal to the Supreme Court that court declared that such charge was not erroneous.

The language of the statute of frauds would seem to rebut the idea that the party attacking a deed made upon good consideration only, such as the one under discussion, must, in addition to proving a fraudulent intent on the part of the vendor, show that that intent was known to the trustee. Article 2465, Revised Statutes, after denouncing as null and void conveyances made with the intent to defraud, delay, or hinder creditors, purchasers, or other persons of or from what they are or may

be lawfully entitled to, shall as to such creditors, purchasers, or other persons, their representatives or assigns, be. void, concludes with . this declaration: " This article shall not affect the title of. a *purchaser* for *valuable consideration*, unless it appear that he had notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor.''

The only issue between the appellants and the garnishee, as we understand the law to be, was, what was the intention of Theo. Ash in making the conveyance? If the intention to hinder and delay the creditors influenced him, in whole or in part, as an object of making the deed, the deed would be void. If, on the other hand, to hinder and delay his creditors was only contemplated as an incident, and his real purpose and object in making the conveyance was to pay debts due the parties named in the conveyance, the deed would be valid. Vide Baldwin v. Peet, and authorities therein cited. Upon this issue, and upon it alone, rested the right of the appellants to subject the property conveyed to the appellee to the payment of their judgment against Theo. Ash, although the case was tried, it seems, upon the assumption by both appellants and appellee, that the deed would be valid, notwithstanding it might have been made with intent to hinder and delay his creditors by Theo. Ash, unless it was shown that such intent on the part of Theo. Ash was known to Henry Ash, the trustee.

Holding the view we do, as expressed above, as to what was the issue between the parties, our conclusion is, that it was the right and the privilege of the appellants to inspect the books and invoices named in their motion, and to put them in evidence if they should contain anything which was relevant and material to the matter in issue, and that Theo. Ash, if he was guilty of disobeying the subpœna duces tecum, was in contempt of court, and upon a proper showing it would have been the duty of the court to compel him to produce the desired books and invoices.

The objections of the appellants to the judgment of the court, upon the ground that the deed was fraudulent per se, we hold to be not good. The deed contains nothing which of itself would make the conveyance absolutely void. The rule laid down in Baldwin v. Peet, that a conveyance is not fraudulent per se unless it contains a provision or clause by which some benefit or advantage is reserved to the debtor at the expense of the creditors, or unless the instrument by inherent defects is inoperative as a conveyance, has been recognized and observed in an unbroken chain of decisions by the Supreme Court of this State, and is still the law, except so far as modified by the Act of 1879, regulating assignments. And applying the test as prescribed in that rule to the deed under consideration,

it can not be said to be fraudulent upon its face, and the court would not have been justified in declaring it void for any of its provisions.

The authority given the trustee to employ attorneys and to carry on the business for four and one-half months, and the direction that after the debts are paid any remainder of goods or balance of money arising from their sale should be turned over to the maker of the deed, are all badges of fraud, but none of these provisions, or all of them combined, make the deed void. They are simply facts tending to establish the fraudulent intent of the maker of the deed. The case of Gallagher & Co. v. Goldfrank, Frank & Co., cited by counsel in support of his first proposition under fourth error assigned, is not in conflict with the case of Baldwin v. Peet and other decisions in accord with the decision in that case. In the case cited the trustee was authorized to sell in the usual course of trade for an indefinite time; in the case under consideration the trustee is only authorized to continue to sell in due course of trade until May 1, 1891.

Appellee's counter-proposition to second proposition under fifth and sixth errors, to-wit, "A writ of garnishment served upon a trustee in charge of goods for the benefit of preferred creditors will reach only such surplus as may remain in the trustee's hands after executing his trust," is entirely correct, we think, when the deed is valid; but the proposition is not sound when applied to a deed which is invalid because executed with the intent to defraud or to delay or hinder creditors. In the case of Carter v. Bush, 79 Texas, 29, there was no charge of fraud in the execution of the deed of trust under which the garnishee was holding and disposing of the property conveyed by the debtor. We hold with the appellants, that if the deed of trust in this case is void for fraud, and the trustee had notice that the same would be contested by nonpreferred creditors, and he afterwards, without an order of court, disposed of the goods, he acted in his own wrong, and is liable to the appellants for the value of the goods in his hands at the date of notice given after the service of the writ of garnishment. Vide Morris v. House, 32 Texas, 492.

Nor do we concur in the counter-proposition to first proposition under eighth assignment of error. We hold that if any of the debts recited in a deed of trust made for preferred creditors be false and fictitious in whole or in part, and it be so charged in the pleading of the attacking creditor, the deed is void for fraud. Vide Brasher v. Jameson, Gregg & Co., 75 Texas, 139, and Blair v. Finlay & Brunswig, 75 Texas, 210. And it matters not whether the other creditors, whose claims are just and true, know of the fact or not.

Where an erroneous statement as to the amount of a debt has been unintentionally made, or where through inadvertence a debt is recited in the deed as still subsisting which has been paid or against which there is a setoff, such misstatements may be satisfactorily explained, and if so explained they should not avoid the instrument.

We deem it unnecessary, in view of the disposition we must make of the case, to consider the other assignments of error, and their counter-propositions, presented in the briefs of counsel.

After a careful consideration of the whole case, we think that the judgment of the lower court should be reversed and the cause remanded for a new trial; and it is so ordered.

*Reversed and remanded.*

Delivered November 3, 1892.

Justice WILLIAMS did not sit in this case.