## S. A. Rider & Company et al. v. W. H. D. Hunt.
### No. 60.

1. **Fraud—Degree and Nature of Proof—Charge.**—A charge of the court upon fraud which leaves the impression that it can be proved only by direct and positive evidence, and which requires that the proof thereof must be by "clear and satisfactory evidence," is erroneous in each of those particulars. Fraud is proved like any other fact, by either direct or circumstantial evidence, and by a preponderance of the testimony, even though it may not reach that high degree of proof which would be clear and satisfactory.

2. **Mortgage to Secure Preferred Creditors — Fictitious Debt.**—A mortgage given to secure separate and distinct debts, some of which are fictitious and fraudulent and some honest and just, to different creditors, each acting for himself and knowing nothing of the claim or intentions of the other, or the relation between the mortgagor and such other creditors, is not void as to the honest debts, but only as to the fraudulent ones. The case of Simon v. Ash, 1 Texas Civil Appeals, 210 (First Supreme District), on this point is not followed.

3. **Knowledge of Intent to Hinder and Delay Creditors.**—If the beneficiaries under the mortgage held honest debts against the mortgagor, even though they may have known that his purpose was to hinder and delay his creditors, yet if they accepted the security on their part not for the purpose of aiding him to hinder and delay his creditors, but to secure their debts, the mortgage would be good.

4. **Costs on Appeal—Transcript.**—Where an appellant accepts and files a transcript containing matter which uselessly encumbers the record, he will be taxed with the additional costs thus incurred.

Appeal from Cass. Tried below before Hon. John L. Sheppard.

*P. A. Turner* and *J. M. Talbot,* for appellants. — 1. The court erred in paragraph 6 of its charge, wherein it charged to the effect, that "fraud

is never presumed, but must be proved.'' This charge misled the jury to the damage of plaintiffs, by causing them to believe that the fraud could not be proven by circumstantial evidence, and that they could not presume fraud from circumstances, though the circumstances or badges of fraud may have been amply sufficient to warrant such a conclusion, and caused them to believe that fraud could be proven only by direct or positive evidence. Sparks v. Dawson, 47 Texas, 138; Wylie v. Posey, 71 Texas, 40.

2. Fraud is proven, like any other fact in a civil case, by a preponderence of evidence. The law does not require more evidence nor different evidence to prove fraud than it requires to prove any other fact. Sparks v. Dawson, 47 Texas, 138; Wylie v. Posey, 71 Texas, 40.

3. If either of said preferred debts in the deed of trust was fraudulent in whole or in part, then said deed of trust was fraudulent, and void in toto. 3 Wait's Act. and Def., 470, and authorities.

4. If the debts preferred in the deed of trust were just, and if W. H. Hunt's primary purpose in making the deed of trust was to defraud his other creditors, and the preferred creditors knew it, and accepted it for the same fraudulent purpose, then said deed of trust was fraudulent. It was not necessary to show a positive agreement between the parties for the above purpose.

*W. P. McLean* and *W. T. Armistead*, for appellee.—1. If one or more items should be stricken out of the mortgage it would still be sustained as to the bona fide debts. The charge correctly stated the law on this proposition. Jones on Chat. Mort., sec. 336; Burr. on Ass., sec. 117.

2. No amount of fraud on the part of the debtor vitiates a mortgage for the benefit of creditors, if they act in good faith, solely for the purpose of securing their bona fide debts.

3. There was no badge of fraud in the mortgage, and no fraud or collusion proven on the part of the debtor, the trustee, or the beneficiaries.

4. By the mortgage the property of W. H. Hunt was not placed beyond the reach of his creditors, because it was attached. Rev. Stats., arts. 2292–2296; Baldwin v. Peet, 22 Texas, 709; 63 Texas, 307.

LIGHTFOOT, CHIEF JUSTICE.—W. H. Hunt was a merchant in Queen City, Cass County, Texas, on the 16th day of December, 1889, and for several years prior thereto. On the above date he executed and delivered a deed of trust or chattel mortgage, by which he conveyed to W. H. D. Hunt, as trustee, his entire stock of merchandise, and put him in the actual possession of the same, and directed him to sell the same and apply the proceeds to the payment of three certain preferred debts, claimed to be owing by him to said W. H. D. Hunt, E. W. Taylor, and Wise-Mabry Company. At this time W. H. Hunt was insolvent, and the property

conveyed was all the visible assets he owned that was subject to execution. The stock conveyed invoiced about $27,957.78, which was annexed to said deed of trust, and was sold by the trustee for about $18,100.

The debt of E. W. Taylor was $11,872.87, and was a balance due on four promissory notes executed by said W. H. Hunt, and endorsed by said trustee, W. H. D. Hunt.

Debt of W. H. D. Hunt, $5154.55, and was a balance due on the principal of three certain promissory notes, besides interest, and executed by said W. H. Hunt.

Debt of Wise-Mabry Company, $1476, due December 14, 1889, on account of merchandise sold by it to W. H. Hunt.

The appellants were each creditors of W. H. Hunt at the time of the execution of said deed of trust, and each sued him in the courts of Cass County, and had writs of attachment levied by the sheriff of Cass County on the stock of merchandise in the possession of said trustee on the 17th day of December, 1889, and on subsequent dates of the same month.

On the 10th day of January, 1890, said trustee, W. H. D. Hunt, presented his affidavit and claim bond for said merchandise to said sheriff, which were received and approved by him, and said goods delivered to said trustee.

Each of the appellants prosecuted his suit against said W. H. Hunt to a final judgment against defendant in September, 1890, establishing and foreclosing his attachment lien on said stock of goods, subject to the claim bond and affidavit of said trustee.

Appellants attack the deed of trust to W. H. D. Hunt, and alleged that it is fraudulent and void as to them, and that the preferred debts the payment of which is secured thereby are fraudulent and fictitious.

On the trial before a jury in the District Court of Cass County on the 6th day of February, 1891, a verdict and judgment were rendered for appellee, from which this appeal was taken.

*Opinion.*—1. The first, second, third, fourth, and tenth assignments of error can not be considered by us, because there are no bills of exception in the record signed by the judge who tried the cause, and the questions are not properly presented.

2. The fifth and sixth assignments of error attack the following charge of the court: " 6. Fraud vitiates all contracts or transactions in law; fraud is never presumed, but must be proved. The burden always rests on the person or persons alleging fraud; that is to say, when any transaction is attacked, alleging that it is fraudulent, and is therefore void as to the person or persons so attacking it, the burden of proof rests on the person or persons so attacking such transaction to show by clear and satisfactory evidence that such transaction was fraudulent."

This charge was excepted to by appellants at the time it was given,

was again brought to the attention of the court upon motion for new trial, and is properly presented here by assignment of error. It is erroneous and defective in two particulars: first, the manner in which it is given, without explanation, leaves the impression with the jury that fraud can only be proved by direct and positive evidence; and second, it requires too high a degree of proof in stating that it must be by "clear and satisfactory evidence."

While it is true that fraud is never presumed, but must be proved, yet it is proved like any other fact—by either direct or circumstantial evidence, and a preponderance of the testimony, even though it may not reach that high degree of proof which would be *clear* and *satisfactory* within the terms of the court's charge. It is true a jury would not be authorized in reaching a conclusion upon a material question guided by evidence which is not in a measure satisfactory; yet, where there is presented an issue of fact and testimony upon both sides, it would be difficult to find a case in which one side proved an issue by "*clear and satisfactory evidence.*"

In the case of Sparks v. Dawson, 47 Texas, 144, the court says: "The expression so often used in argument and in charges and otherwise, 'that fraud can not be presumed, but must be proved,' should never be contained in a charge given to a jury, because it is not true without a qualification which a jury is not capable of supplying. * * * There is no fixed definition of fraud. It consists of and depends upon the existence of a certain combination of facts in each case. * * * There is nothing peculiar about them that should require other and different proof to establish them than that which is required to establish the facts which are necessary to constitute a cause of action or defense in any other civil cause." See, also, Wylie v. Posey, 71 Texas, 40; Weaver v. Ashcroft, 50 Texas, 443; Heiligman v. Rose, 81 Texas, 222; Rohrbough v. Leopold, 68 Texas, 260.

In the last named case Judge Gaines says: "The thirteenth assignment is, in substance, that the court erred in refusing a special instruction asked by defendants, to the effect that plaintiffs must have established their allegations of fraud by *clear* proof before the jury could find against defendant Rohrbough. It is sometimes said in the books, that fraud must be clearly proved; but in order to show that the proposition contained in the instruction is misleading as to the case made in the court below, we need only refer to the sole authority from our own State cited in support of the assignment. See Sparks v. Dawson, 47 Texas, 138."

It is contended by appellees, that the facts in this case do not show or tend to show fraud, and that the charge was harmless. As the case will go back for another trial, we do not deem it proper to comment upon the facts one way or the other; but the appellants had in their pleadings

alleged fraud, the court charged the jury upon it, and under the facts they had the right to have this issue presented without being handicapped by restrictions such as were contained in the charge as given.

3. In the seventh assignment of error it is claimed by appellants, that "the court erred in the latter part of the ninth paragraph of its charge, wherein it charged the jury to the effect, that if they believed that one or more of the three debts secured by said deed of trust was fraudulent, either in whole or in part, then said deed of trust was void only as to such claim."

We think the charge complained of in this assignment was not open to the criticisms by appellants. In the ninth charge the jury are instructed, that if one or more of the claims represented in the deed of trust or chattel mortgage were fraudulent or fictitious, either in whole or in part, to find the deed of trust void as to plaintiffs to the extent of such claim or claims.

There has been much diversity of opinion upon the question as to whether one or more fraudulent or fictitious debts in a mortgage should vitiate the entire instrument, or should render it void only to the extent of the fictitious debts. Any fictitious debt in a mortgage, which can not be explained as an accident or mistake, would be strong, if not conclusive, evidence of fraud upon the part of the grantor in the instrument.

It has been held by our Supreme Court, that where there was only one debt in the mortgage, if that debt was fictitious, in whole or in part, it would vitiate the entire instrument. Blair v. Finlay, 75 Texas, 211; Brasher v. Jamison, 75 Texas, 139. In such a case it is clear that the debt or a part thereof being fictitious, and this being known to the grantor, there can be no doubt of fraud on his part. The acceptance of the security by the grantee for more than his honest debt certainly implicates him in the fraud. But in a mortgage where there are a number of debts secured to different creditors, each acting for himself, and knowing nothing of the claim or intention of the other, or of the relation between the grantor and such other creditors, it is difficult to perceive how an innocent purchaser who has acted in good faith in obtaining security for an honest debt should be made to lose the security thus obtained because some other named creditor has acted fraudulently.

Upon principle and authority, the justice and reason of the law will be much better subserved by striking down that which can be shown to be fraudulent and leaving that which is honest and just.

In the case of Howell v. Mars, 82 Texas, 496, where one partner in a firm sold out to the other for $250, and the purchasing partner executed a mortgage with preferences securing several debts, and among them the $250 debt to his former partner, which mortgage was attacked as fraudulent on account of the $250 debt, which was claimed to be fictitious, the court said: "But if Manning was insolvent, and his debt secured by the

mortgage could be held to be fraudulent or fictitious, that would not, in the absence of evidence of knowledge or concurrence of the assignee or other creditors secured, avoid the mortgage as to them."

This position is well fortified by authority. Mr. Jones, in his work on Chattel Mortgages, section 336, says: "A fraudulent intent and knowledge on the part of one or two mortgagees to whom a mortgage is payable to secure separate and distinct debts, does not affect the rights of the other. He stands in the same position as if he had taken a separate mortgage to himself." See, also, Cobby on Mort., sec. 134; Burr. on Ass., sec. 117; Troustine v. Lask, 4 Baxter (Tenn.), 164; Lockard v. Brodie, 1 Tenn. Ch., 384; Neuffer v. Pardue, 35 Tenn., 191; Goff v. Rogers, 71 Ind., 459; Feldman v. Gamble, 26 N. J. Eq., 494; Shaw v. Carpenter, 54 Vt., 155; Smith v. Osborn, 3 Mich., 410.

In the case of Simon v. Ash, 1 Texas Civil Appeals, 210, the learned court of the First Supreme District has expressed a contrary view, holding, that " if any of the debts recited in a deed of trust made for preferred creditors be false or fictitious, in whole or in part, and it be so charged in the pleading of the attacking creditors, the deed is void for fraud" (citing Brasher v. Jamison, 75 Texas, 139, and Blair v. Finlay, 75 Texas, 210); " and it matters not whether other creditors whose claims were just and true know of the fact or not." While we have great respect for the judgment of the learned jurist who delivered that opinion, yet a careful examination of the authorities leads us to the conclusion that the two cases cited do not support the views above expressed, and that the great weight of authority, as well as of reason, sustains the contrary view.

4. The ninth assignment of error is as follows: " The court erred in refusing to give in charge to the jury the special instruction asked by plaintiff to the following effect: ' If you believe from the evidence that W. H. Hunt executed and delivered to W. H. D. Hunt the deed of trust read to you in this case, and that he, W. H. Hunt, was insolvent at the time, and that his primary purpose in doing so was to hinder, delay, or defraud his creditors in the collection of their debts, and that W. H. D. Hunt, E. W. Taylor, and Wise-Mabry Company knew of such fraudulent purpose on the part of said W. H. Hunt, and accepted the benefits of such deed of trust, then the same would be void.' "

The refusal of this charge was not error. The court in its main charge had presented the question to the jury, but not in the exact phase presented in the special charge asked. The idea presented seems to be, that if the object of the grantor in the instrument was to hinder and delay creditors, and the grantees knew of such purpose, and accepted the security, it would render the mortgage void. This carries the doctrine too far. If the grantees held honest debts against the grantor, even though they may have known his purpose was to hinder and delay his creditors,

yet if they accepted the security on their part, not for the purpose of aiding him in hindering and delaying his creditors, but to secure their debts, the mortgage would be good. It does not appear that the mortgagor's property was thereby placed beyond the reach of creditors, except in so far as it provided for the payment out of its proceeds of the debts therein mentioned.

In the case of Edwards v. Dickson, 65 Texas, 615, where property had been transferred by a debtor to his creditor in payment of his debts, the court says: "If it be a real transfer of the property, unaccompanied by any sort of a secret understanding or trust on behalf of the debtor, and with intent to satisfy the debt, and no more property be sold than is necessary for that purpose, it matters not whether or not the debtor intended to delay his creditors, or whether the creditors *knew or ought to have known of such intent* if it existed."

The same rule holds good in a mortgage. The rule invoked by appellants would render the instrument void if the grantee knew of the purpose of the grantor, even though such grantee might in the most perfect good faith be doing in a lawful manner what he had a perfect right to do in securing an honest debt. The charge was properly refused.

The other questions properly raised below will probably not arise on another trial. We have purposely refrained from discussing any of the facts in the case.

For the error of the court in its sixth charge to the jury, the judgment is reversed and the cause remanded for a new trial.

The appellants in this case have brought up as a part of the record about 215 pages of invoices of goods, thus uselessly encumbering the record. Having accepted and filed such a transcript, they became responsible for it (see rule 100), and should be taxed with the additional costs thus incurred, and it is so ordered.

*Reversed and remanded.*

Delivered January 11, 1894.