ABE BLOCH & CO. V. THOMAS SPRUANCE, GARNISHEE.

No. 748.

1. **Trust Deed by a Firm for Benefit of Creditors—Preference of Individual Debts—Effect.**

The preference of an individual debt of one of the partners, made in a trust deed executed by the firm for the benefit of creditors, the firm assets being insufficient to satisfy all the firm creditors, is fraudulent and void as to such individual debt, but will not avoid the trust deed as to other creditors who have not participated in the fraud.

2. **Same—Right of Trustee—Commissions.**

Where a deed of trust to secure creditors fraudulently names the trustee as a preferred creditor, this will not forfeit his right to his expenses and remuneration for properly administering the trust in behalf of the other creditors entitled to its benefits.

3. **Same—Garnishment of Trustee.**

Where the proceeds of a deed of trust given to secure creditors, with preferences, are insufficient to pay the creditors of the first class, the trustee is not liable to garnisnment at the instance of a creditor of the second class.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*Samuel T. Camp*, for appellant.—1. An insolvent partnership can not prefer, by mortgage or deed of trust, the individual debt of one of its members and subject the firm property to the payment of such individual debt, to the exclusion of firm obligations. The trustee in such instrument, being himself the individual creditor and having knowledge of the firm's insolvent condition, such instrument would be fraudulent

and void as to firm·creditors who fix a garnishment lien upon said property while in the trustee's hands. DeCausey v. Bailey, 57 Texas, 665;. Wiggins v. Blackshear, 24 S. W. Rep., 918; Bump on Fraudulent Conveyances (3 ed.), 22; Bates on Partnership (1888), sec. 566; Burrill on Assignments, sec. 210.

2. The trustee in a deed of trust, knowing said instrument to have been executed with a fraudulent purpose, would not be entitled to receive any compensation for his services as trustee or for money expended in thus carrying out the fraudulent design of the grantors, and plaintiffs, being firm creditors, would have the right to recover the amount of the proceeds of any firm property which he had thus diverted to his. own use. Perry on Trusts, sec. 907.

*Ross & Terrell*, for appellee.—1. Each partner of a firm has the right .to have the partnership assets applied to the payment of the partnership debts, by virtue of their equitable lien, arising out of their individual liability, but this lien does not extend to partnership creditors to the extent of the individual interest of the partner whose interest is conveyed to secure individual creditors. Wiggins v. Blackshear, 26 S. W. Rep., 939; Case v. Beauregard, 99 U. S., 125; 121 U. S., 327.

2. The members of an insolvent firm can convey to an individual creditor his individual interest in firm property, to pay his individual debt, to the extent of his interest, with the consent of the other members of the firm, and a creditor by simple contract cannot maintain a bill to subject the property to his debt. Wiggins v. Blackshear, 26 S. W. Rep., 939; Case v. Beauregard, 99 U. S., 125; Huiskamp v. Moline Wagon Co., 121 U. S., 327.

3. One partner may, in good faith, convey his interest in partnership assets to another person, and thereby all equities of the partner, and of partnership creditors, to subject such interest in partnership assets, are thereby lost. White v. Parrish, 20 Texas, 689; Swearengen v. Bassett, 65 Texas, 272; Stansell v. Fleming, 81 Texas, 296.

JAMES, CHIEF JUSTICE.—L. J. Moreland and L. W. Thomas, composing the partnership of Moreland & Thomas, being insolvent, on March 23, 1894, conveyed to Thomas Spruance their entire stock of goods, fixtures and safe, in trust to pay, after paying the proper costs and expenses of executing the trust, first the creditors designated as "Class A," ratably; and second, those in "Class B," ratably, and to return the balance, if any, to the makers of the instrument. The creditors in class B were all firm creditors; likewise all in class A, except the firm of Spruance & Bledsoe, of which the trustee Spruance was a member, the debt this firm held being the individual debt of Moreland, in the sum of $515. There was included in the property conveyed by the deed of trust, a lot which was the property of Moreland, of the value of ten dollars. The firm property was sold by the trustee for its. value, amounting to $4560, and the lot for $10. The debts in class A

amounted to $4785.50, and those in class B to $3809.51. The trustee reduced the property to money, as before stated, and held the same for distribution under the deed of trust, and his expenses in the premises were shown to have been $232.30, and his commission at 5 per cent, $228.50. The above are the material facts of the case.

Appellant was a creditor in class B, and acting upon the theory that said deed of trust was a fraud upon the firm creditors by reason of the fact that the partners included among the creditors secured by the firm assets the debt to Spruance's firm, which was an individual debt of one of the partners, caused the trustee Spruance to be garnisheed in reference to their claim (judgment) against Moreland & Thomas for something over $1387.70. The trial from which this appeal is taken was upon this garnishment.

*Opinion.* —It has been held that the preference of the individual debt of one of the partners, through· a conveyance by both partners of the firm assets, it being insufficient to satisfy all the firm .creditors, was fraudulent as to the latter. The reason for this principle lies in the fact that the partner who does not owe the debt in question, when he conveys his interest in the firm assets to secure it, practically disposes of his interest that far without consideration, and it is denominated a voluntary conveyance. The following authorities illustrate the doctrine. Wilson v. Robertson, 21 N. Y., 587; 2 Bigelow on Fraud, 320, and note. In the case of Wiggins v. Blackshear, 86 Texas, 670, it is referred to. It is to this rule that plaintiff must appeal in seeking to invalidate this transaction in whole or in part. But, as we understand the record, it is not necessary that we should discuss the merits of the rule in its application to this case.

Assuming that the preference of the trustee, the creditor of one partner, establishes an intent to defraud firm creditors, as to both the partners and the trustee, it does not follow by any reason that the deed of trust fails as an entirety. In New York the rule goes to that extent (Wilson v. Robertson, supra), but very few other courts have seen fit to go that far.

In instances of preference given to a fictitious debt—and nothing could be more fraudulent in its tendency—the law seems to be well settled that the mortgage or assignment will nevertheless be valid and entitled to be executed for the benefit of those provided for, who are creditors. See Burrill on Assignments, sec. 117, where cases to this effect are collected. See also, Rider v. Hunt, 25 S. W. Rep., 314. This is, provided the creditors have not participated in the fraud complained of.

The New York cases seem to make the fraudulent intent of the grantor decisive of the invalidity of the instrument. This, according to Mr. Burrill, is against the great weight of authority, and it is not the rule in this State. Kraus v. Haas, 6 Texas Civ. App., 665; Id., 86 Texas, 687.

It is not claimed that the creditors in class A, outside of Spruance, have been guilty of any fraudulent conduct or intent in reference to the transaction in question, and we are of opinion that an attempt of the partners and Spruance to give the latter firm a preference over certain firm creditors, if fraudulent, would have no further effect than to require the trust to be administered as if the debt in which Spruance was interested had not been mentioned.

Proceeding upon this basis, we find that the proceeds of the property were not sufficient, after deducting the reasonable expenses and commissions of the trustee, to pay off the other creditors in class A.

We are of opinion, also, that, the trust being valid to the extent mentioned, and the application of all the property being necessary to carry out the trust, the trustee is entitled to compensation and allowance of his expenses out of the fund. The attempted preference of his debt (conceding this to have been fraudulent) would not justify a forfeiture of his expenses and remuneration for properly performing a trust which he is, after all, authorized to execute.

If we eliminate his claim from class A altogether, a calculation shows that all of the fund would, after allowing the above charges, not be sufficient to pay the firm creditors in class A; hence, appellants were not entitled to any judgment against the garnishee.

*Affirmed.*

Delivered January 22, 1896.